

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS          AUSTIN 11, TEXAS
JO██████████████
ATTORNEY GENERAL

Hon. Joseph H. Mims
County Attorney
Midland County
Midland, Texas

Dear Sir:

Opinion No. O-6844
Re: Procedure for clearing
title of present owner of
land on which an order for
sale for delinquent taxes was
issued but no deed given by
the sheriff to the State.

On September 20, 1945, you requested the opinion of
this Department upon the captioned subject, setting forth
the following facts:

"On September 18, 1908, in cause No. 377, in the
District Court of Midland County, Texas, styled The State
of Texas vs. Unknown Owner, et al, a judgment was rendered
which found that taxes were delinquent for the years 1889,
1890, 1891, 1892, 1893, 1894, 1895, 1896, 1897, 1899, 1900,
1901, 1903 and 1904, and foreclosing the tax lien of the State
of Texas as to all named defendents and against all persons
owning or having or claiming any interest in the property or
any part thereof. The court further ordered foreclosure of
the lien and providing for issuance of order of sale, etc.,
and ordering application of the proceeds of sale to the
satisfaction of the judgment in the sum of $75.96.

"Afterwards, on October 31, 1908, an order of sale
issued on said property, Lots 1, 2, 3, 4, 5, 6, 7, 8, 9. 10,
11 and 12, Block 19, Original Town of Midland, Midland County,
Texas. The Sheriff never made a return on this order, but
pencilled on the face of the order is the legend 'Sold to
State Jan. 5, 1909, for $92.46, Printer's fee, $5.00, $97.46.'

"There was no deed given by Sheriff, nor any other
action had thereafter, in so far as the record shows.

"Questions:

"1. Does the record operate to cast cloud on the title of the present owners?

"2. If this question is answered in the affirmative, can the State now proceed to disposses the present owners of the land?

"3. What interest, if any, has the State by reason of the recond?

"4. How can the present owners clear their title of the embarrassment of these proceedings?"

Numerous opinions previously rendered by this Department were sent to you upon the presumption that they sufficiently answered your inquiry; however, these opinions were based upon the premise that a valid sale had been had in the proceedings. You have questioned whether or not a sale was actually consummated in your case, and submitted the following:

"In cause No. 377, referred to in my request for opinion, the Order of Sale specified that the sheriff return the writ within 30 days, with his return thereon showing how he executed the same. In so far as the record discloses, no return was ever made showing how the writ was disposed of. The legend on the first page of the writ, 'Sold to State Jan. 5, 1909, for $92.46, Printers fee, $5.00, $97.46,' is not signed by anyone. There has never been, so far as the record in Midland County shows, a levy upon the land, an advertisement of sale made, posting of notices, or return on the writ showing that the land was sold to the State or to anyone else, or a deed given."

We are of the opinion that there was a slae of the lands under consideration. We reach this conclusion from the notation made upon the writ, which is commonly done in all such sales, and second, because of the judicial policy to sustain a sheriff's sale, and the presumption that public officers properly discharge the duties imposed upon them. To sustantiate the latter reason, we quote from 18 Tex. Jur., p. 692, and 34 Tex. Jur., p. 462, respectively, as follows:

"The policy of the law is to sustain a sheriff's sale where it appears to have been fairly made. This is beneficial to both creditor and debtor. Any other course would, it has been observed, result in preventing persons from purchasing at such sales and paying anything like a

fair consideration, and would lead generally to the sacrifice of all property sold under judicial process. Consequently, a court will not scrutinize the incidents of a judicial sale with a view to defeating the proceeding; on the contrary, every reasonable intendment will be assumed in favor of the sale, so as to secure, if this can be done consistently with legal rules, the object which was intended to be accomplished."

". . . the law presumes, until the contrary is shown, that every public officer will discharge the duties imposed upon him - in other words, that he will comply with the law. It will be presumed also, in absence of a showing to the contrary, that an officer has as to past conduct done his duty, and that he has acted in accordance with the law, and within, and not in excess of, his power and authority. . ."

In opinion No. 0-6685, a copy of which was previously sent to you, this Department held that the irregularity of the sheriff's return or a failure to make a return does not affect the sale; that the equitable title passes to the actual purchaser irrespective of the irregularities in the sheriff's return.

Based upon the foregoing statements, the State has an equitable title to the land in question, and can sell the same as provided in the statutes. However, as stated in opinion No. 0-5771, a copy of which you have, the land can be redeemed and upon tender of the proper amount, a certificate of redemption will be issued.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch
Assistant

ROK:AMM--dhs    APPROVED OCT 8, 1945    APPROVED
                                        OPINION
                /s/ Carlos C. Ashley    COMMITTEE
                                        BY B.W.B.
                FIRST ASSISTANT         CHAIRMAN
                ATTORNEY GENERAL